99 F.3d 1160
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William L. BALBINOT, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 96-5030
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1996.
 
 Before NEWMAN, MAYER and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 William L. Balbinot appeals the judgment of the United States Court of Federal Claims, No. 93-415-C, holding that he was not entitled to a medical hearing before being separated from the Navy for physical disability, and that he is not entitled to constructive service. We affirm.
 
 
 2
 Our review of the Court of Federal Claims' summary judgment is de novo. Gump v. United States, 86 F.3d 1126, 1127 (Fed.Cir.1996). Because no relevant facts are in dispute between the parties, we review the record below for decisions that are arbitrary, capricious, or contrary to applicable statutes, regulations, or mandatory published procedures by which Balbinot may have been prejudiced. See Arens v. United States, 969 F.2d 1034, 1037 (Fed.Cir.1992); Wronke v. Marsh, 787 F.2d 1569, 1576 (Fed.Cir.1986).
 
 
 3
 Balbinot urges that the Navy erred in not requiring a hearing by medical officers before the Physical Evaluation Board (PEB) determined his disability rating. The Navy discharged Balbinot in 1991 for serious misconduct, not for physical disability. Because 10 U.S.C. § 1214 (1956) and SECNAVINST 1850.4C require a hearing only when servicemen are discharged for physical disability, he was not entitled to a hearing before the PEB's 1991 determination that he was disabled.
 
 
 4
 On remand from the Court of Federal Claims in 1994, the Board for the Correction of Naval Records (BCNR) found that Balbinot's discharge for misconduct was "perfectly legal and technically proper." Nevertheless, it "corrected" his record because it believed the discharge for misconduct was unreasonably harsh in light of Balbinot's military service and possible extenuating medical circumstances. This was a gratuity, not further reviewable in court. Had the BCNR set aside the misconduct discharge because of legal error and replaced it with the previously initiated medical discharge, Balbinot might have an argument. But under 10 U.S.C. § 1552(a)(1) (1992), the Navy is not obligated to provide a hearing after a retroactive correction; it can correct the perceived injustice and stop there. Denton v. United States, 204 Ct. Cl. 188, 199 (1975).
 
 
 5
 Furthermore, because the BCNR determined that Balbinot would not have been fit for active duty at the time of his discharge, it would be incongruous to give him constructive credit, including back pay, allowances, and benefits, for a period following his discharge. See Carter v. United States, 509 F.2d 1150, 1156 (Ct.Cl.1975). We defer to the decisions of military departments regarding the physical fitness of servicemen, see Arens, 969 F.2d at 1037; Maier v. Orr, 754 F.2d 973, 984 (Fed.Cir.1985), and we have no basis upon which to upset the BCNR's finding that Balbinot would have been discharged for medical reasons at or about the same time he was actually discharged, absent cogent and clearly convincing evidence that that determination was unsupported by substantial evidence. Arens, 969 F.2d at 1037; Wronke v. Marsh, 787 F.2d at 1576.